# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Steven Mattingly and Christopher Rose<br><br>　　　Plaintiffs,<br>v.<br><br>Jesse Ray Herman and<br>Edgewater Pools, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No.:　　0:22-3436-TLW<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

　　　This is an action for personal injuries arising out of a motor vehicle collision that occurred on October 10, 2019. The Plaintiffs, upon information and belief, respectfully allege and will show the following:

## JURISDICTION AND VENUE

1.　　Plaintiffs sustained serious personal injuries as a result of a motor vehicle collision that occurred in York County, on October 10, 2019.

2.　　Plaintiff Mattingly is a citizen and resident of Virginia.

3.　　Plaintiff Rose is a citizen and resident of Virginia.

4.　　Upon information and belief, Defendants are citizens and residents of York County, South Carolina.

5.　　The motor vehicle collision which is the subject matter of this action occurred in York County, South Carolina.

6.　　With permission from its owner, his employer, Defendant Herman drove a 2015 Chevrolet pickup truck bearing VIN 1GCRCPEH6FZ440251 on October 10, 2019.

7.　　Defendant Edgewater Pools, LLC ("Edgewater Pools") is a limited liability company organized and existing under the laws of the State of South Carolina. Edgewater Pools is a pool construction company and also designs and renovates commercial and residential outdoor spaces. Edgewater Pools has offices in North and South Carolina and provides vehicles for use by its agents and employees to conduct its business.

1

8. Defendant Edgewater Pools was the registered owner of the 2015 Chevrolet pickup truck bearing VIN 1GCRCPEH6FZ440251 that was involved in the motor vehicle collision that resulted in serious injury to the Plaintiffs on October 10, 2019.

9. At all times relevant, Defendant Edgewater Pools owned, maintained, and furnished the subject vehicle to Defendant Herman.

10. At all times relevant, Defendant Herman was using the vehicle with Defendant Edgewater Pools' consent and permission.

11. This Court has jurisdiction over the parties, as Defendants are responsible for the commission of a tortious act in whole or in part in the State of South Carolina (S.C. Code Ann. §36-2-803 (c) (1976) & Supp. 1997).

12. That pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs.

13. That in accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Rock Hill Division of the District of South Carolina as the alleged acts or omissions occurred in the Rock Hill Division of South Carolina.

## FACTS

14. Plaintiffs herein reallege and reiterate all previous paragraphs as fully as if set forth in this paragraph in its entirety.

15. At all times relevant, Defendant Herman was an officer, director, agent, and/or employee of Defendant Edgewater Pools and was acting within the course and scope of his employment, agency, and/or work with Defendant Edgewater Pools at the time of the subject incident described herein.

16. At all times relevant, Defendant Edgewater Pools was the employer and/or principal of Defendant Herman and exercised control over the conduct of Defendant Herman and had the right to control the time, manner, method and performance of Defendant Herman's employment and/or work and use of the vehicle he was driving at the time of the subject incident described herein.

17. Defendant Edgewater Pools was responsible for Defendant Herman's actions and the consequences of his actions on October 10, 2019 pursuant to the doctrines of *respondeat superior* and agency.

18.     On October 10, 2019, at approximately 4:30pm, the Plaintiffs traveled west on US-21 in Rock Hill, South Carolina. Plaintiff Mattingly drove, and Plaintiff Rose rode in the front passenger seat.

19.     On or about the same date and the same time, Defendant Herman drove a pickup truck owned by Defendant Edgewater Pools. Defendant Herman also traveled west on US-21 in Rock Hill, South Carolina, directly behind the Plaintiffs.

20.     Plaintiffs slowed down for traffic conditions ahead.

21.     Defendant Herman was using his phone and distracted while driving.

22.     Defendant Herman driving too fast for conditions and inattentive to the driving task at hand smashed into the rear-end of Plaintiffs' vehicle, thereby giving rise to the collision which is the subject matter of this lawsuit.

23.     Defendant Herman had, or should have had, adequate opportunity to perceive the Plaintiffs traveling on the road in front of him, as well as the traffic all around him which would provide clues as to the potential need to slow or stop for traffic. Defendant Herman had, or should have had, adequate opportunity to perceive and react to the Plaintiffs' slowing, but his choice to focus his attention on his phone instead of the road ahead hampered his ability to do so.

24.     Defendant's vehicle did not malfunction or otherwise contribute to the collision that is the subject of this case.

25.     At all times relevant, the Defendants were agents, employees, principals, partners, joint ventures, masters and/or servants of one another, and acted on behalf of and for the benefit of one another.

## **FOR A FIRST CAUSE OF ACTION**
### (Negligence of Defendant Herman)

26.     Plaintiffs herein reallege and reiterate all previous paragraphs as fully as if set forth in this paragraph in its entirety.

27.     Defendant Herman owed a duty to the Plaintiffs to operate his vehicle with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

28.     Defendant Herman owed a duty to the Plaintiffs to report operation defects, if any defects existed, and to cease operation of his motor vehicle if its safety-sensitive functions were in any way compromised.

29. The injuries and losses which the Plaintiffs sustained were directly and proximately caused and occasioned by the negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of Defendant Herman in one or more of the following ways:

    a. In driving his vehicle in a negligent and/or reckless manner which was in willful and wanton disregard for the safety of the Plaintiffs;
    b. In failing to maintain proper control over his work vehicle;
    c. In failing to observe and react to the traffic conditions around him to avoid striking Plaintiffs, when Defendant Herman saw, or should have seen, the Plaintiffs in the roadway;
    d. In failing to properly apply his brakes;
    e. In failing to have properly functioning brakes;
    f. In failing to report defective brakes to his employer;
    g. In choosing to continue driving his vehicle with defective brakes;
    h. In driving too fast for the surrounding traffic conditions;
    i. In failing to maintain a proper lookout;
    j. In failing to observe the prevailing traffic conditions;
    k. In failing to pay full attention to the driving task;
    l. In choosing to place his attention on using his phone instead of driving;
    m. In failing to use due care;
    n. In violating the laws, statutes, and ordinances of the State of South Carolina enacted to protect the safety and health of the motoring public, so as to constitute *negligence per se*;
    o. In failing to act as a reasonable and prudent driver would act under the same or similar circumstances; and
    p. In such other particulars as the evidence at trial may show.

30. Defendant Herman's negligent, careless, grossly negligent, willful, wanton, and reckless conduct and breach of the duties owed to the Plaintiffs were the direct and proximate cause of the October 10, 2019 collision, injuries and damages described herein.

## FOR A SECOND CAUSE OF ACTION
### (Direct Negligence of Edgewater Pools and vicarious liability)

31. Plaintiffs herein reallege and reiterate all previous paragraphs as fully as if set forth in this paragraph in its entirety.

4

32.  Defendant Edgewater Pools owed a duty to Plaintiffs to ensure the safe operation of the vehicle, with reasonable care, by implementing and enforcing safety policies and procedures, monitoring, and other internal safety controls to protect the motoring public, including the Plaintiffs, from negligent and reckless conduct, including the acts of Defendant Herman.

33.  Defendant Edgewater Pools owed a duty to the Plaintiffs to ensure that the vehicle was in a safe operating condition, properly equipped, and properly maintained.

34.  Defendant Edgewater Pools owed a duty to the Plaintiffs to perform periodic inspections on their fleet vehicles, and, if necessary, have repairs and maintenance performed.

35.  Defendant Edgewater Pools owed a nondelegable duty to the Plaintiffs to maintain their vehicles to which it assigns or allows its employees to drive on the public highways to be safe to drive on the highways. Defendant Edgewater Pools should have a system in place for inspection, and empower its employees to report safety issues, and then those vehicles with issues affecting safety should be removed from service until repaired.

36.  And further, Defendant Edgewater Pools owed a duty to monitor, supervise and train its drivers on safe vehicle use, and more specifically, either does not have a cell phone / distracted driving policy or failed to enforce it. Defendant Edgewater Pools knows or reasonably should know that driver distraction is a main cause of crashes, and therefore taken steps and implemented systems to counteract, prevent and prohibit distracted driving in its company vehicle fleet.

37.  Defendant Edgewater Pools owned, maintained, and/or furnished the subject vehicle to Defendant Herman. At all times relevant hereto, Defendant Herman was using the vehicle with Defendant Edgewater Pools' consent and permission, and Defendant Herman was operating the vehicle for the benefit of his employer; therefore, Defendant Edgewater Pools is liable to Plaintiff pursuant to the doctrine of *respondeat superior*.

38.  The injuries and losses which the Plaintiffs sustained were also directly and proximately caused and occasioned by the negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of Defendant Edgewater Pools in one or more of the following ways:

   a. In permitting, facilitating, and allowing for the operation of the vehicle in a negligent and/or reckless manner;

   b. In failing to use due care as a reasonably prudent employer providing and furnishing a vehicle for use;

    c. Failing to use the degree of care and caution that a reasonably prudent company would have used under the circumstances then and there prevailing;

    d. In choosing to entrust the subject vehicle to Defendant Herman, who lacked the knowledge skill and experience to drive;

    e. In choosing to retain Defendant Herman when it knew or reasonably should have known of his careless and reckless driving proclivities;

    f. In choosing not to monitor and supervise Defendant Herman to ensure that his driving, particularly while using a company vehicle, was safe and appropriate;

    g. In choosing to allow the vehicle they owned, emblazoned with the company logo, to be operated by a negligent, reckless, careless, unfit, inexperienced and incompetent driver; and

    h. In endangering the lives of the traveling public, including Plaintiffs, by enabling the vehicle the Defendant company owned, a dangerous instrumentality, to be placed in the care and under the control of a negligent, reckless, careless, unfit, inexperienced and incompetent driver.

    i. In failing to ensure that the vehicle was in safe condition, properly equipped, and maintained;

    j. In failing to implement and enforce safety policies and procedures, monitoring, and other internal controls to protect the motoring public, including the Plaintiffs, from negligent and reckless conduct, including the acts of Defendant Herman;

    k. Violating various laws, statutes, codes, and ordinances designed to protect the public, including the Plaintiff, from the type of harm that was caused by the Defendants' conduct and constituting negligence *per se*, recklessness, and subjecting the Defendants to punitive damages; and

39.    Defendant Edgewater Pools' vicarious and independently, acted in a negligent, careless, grossly negligent, willful, wanton, and reckless manner and breached certain duties owed to the Plaintiffs, which were the direct and proximate cause of the October 10, 2019 collision, injuries and damages described herein.

## **DAMAGES**

40.    Plaintiffs herein reallege and reiterate all previous paragraphs as fully as if set forth in this paragraph in its entirety.

41.     As the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of Defendant Herman and Defendant Edgewater Pools, the Plaintiff Mattingly suffered serious injury to his shoulder and biceps, and other body parts, and Plaintiff Rose suffered serious injury to his left knee and other body parts for which medical treatment has and will be necessary.

42.     As the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of Defendant Herman and Defendant Edgewater Pools, the Plaintiffs also suffered damages in the form of past and future medical expenses, past and future physical and mental pain and suffering, loss of enjoyment of life, lost wages, and other damages, both actual and punitive, in an amount to be determined by the trier of facts.

**WHEREFORE,** Plaintiffs prays that the following relief be granted:

a.     A trial by jury;

b.     For Summons and Complaint to issue against the Defendants;

c.     For judgment against the Defendants, jointly and severally, to compensate Plaintiffs, Mr. Mattingly and Mr. Rose, for their pain and suffering, past, present, and future;

d.     For all such other economic and non-economic losses as may be shown at the hearing of this matter to the full extent allowed under South Carolina law;

e.     For Plaintiff to obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

f.     Punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

g.     Court costs, discretionary costs, and prejudgment interest; and

h.     For all such further and general relief which this Court deems just and proper.

JOYE LAW FIRM, L.L.P.

By:     **s/Eliza G. Lynch**
Eliza G. Lynch (Federal ID#: 13348)
Melissa G. Mosier (Federal ID#: 11000)
1333 Main Street, Suite 260
Columbia, SC 29201
elynch@joyelawfirm.com

mmosier@joyelawfirm.com
Phone: 803-771-3100
Facsimile: 803-451-4921
***Attorneys for the Plaintiff***

Columbia, South Carolina
October 5, 2022